UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>vs.<br>SHAWN L. HALE,<br>        Defendant. | CASE NO.  3:11-MJ-0006-CMK<br><br>MEMORANDUM AND PROPOSED JUDGMENT |

This case came on regularly for trial on July 7, 2011, at the United States District Court in Redding, California, the Honorable Craig M. Kellison, United States Magistrate Judge, presiding; the United States Forest Service appeared by and through Rule 180 Prosecutor, Special Law Enforcement Officer, Chad Krogstad, and the defendant, Shawn L. Hale, appeared by appointed CJA counsel, Adam Ryan.

The defendant is charged in Count I of the complaint filed February 23, 2011 of "removing any timber, tree or other forest product, except as authorized by a special-use authorization, timber sale contract, or Federal law or regulation" in violation of 36 C.F.R. 261.6(h)[1];  Count II of

---

[1] 36 C.F.R. § 261.6 Timber and other forest products.

The following are prohibited:
(a) Cutting or otherwise damaging any timber, tree, or other forest product, except as authorized by a special-use authorization, timber sale contract, or Federal law or regulation.
(b) Cutting any standing tree, under permit or timber sale contract, before a Forest Officer has marked it or has otherwise designated it for cutting.
(c) Removing any timber or other forest product cut under permit or timber sale contract, except to a place designated for scaling, or removing it from that place before it is scaled, measured, counted, or otherwise accounted for by a forest officer.
(d) Stamping, marking with paint, or otherwise identifying any tree or other forest product in a manner similar to that employed

1

"[c]utting or otherwise damaging any timber, tree, or other forest product, except as authorized by a special-use authorization, timber sale contract, or Federal law or regulation" in violation of 36 C.F.R. § 261.6(a); Count III, of "[d]amaging any natural feature or other property of the United States" in violation of 36 C.F.R. § 261.9(a)[2]; and Count IV, of operating a vehicle off road "in a manner which damages or unreasonably disturbs the land, wildlife, or vegetative resources" in violation of 36 C.F.R. 261.15(h)[3].

---

by forest officers to mark or designate a tree or any other forest product for cutting or removal.
(e) Loading, removing or hauling timber or other forest product acquired under any permit or timber sale contract unless such product is identified as required in such permit or contract.
(f) Selling or exchanging any timber or other forest product obtained under free use pursuant to 223.5 through 223.11.
(g) Violating any timber export or substitution restriction in 223.160 through 223.164.
(h) Removing any timber, tree or other forest product, except as authorized by a special-use authorization, timber sale contract, or Federal law or regulation.
(i) Violating the Forest Resources Conservation and Shortage Relief Act of 1990 (16 U.S.C. 620, et seq.), or its implementing regulations at 36 CFR 223.185-223.203.

[2] § 261.9 Property.

The following are prohibited:
(a) Damaging any natural feature or other property of the United States.
(b) Removing any natural feature or other property of the United States.
(c) Damaging any plant that is classified as a threatened, endangered, sensitive, rare, or unique species.
(d) Removing any plant that is classified as a threatened, endangered, sensitive, rare, or unique species.
(e) Entering any building, structure, or enclosed area owned or controlled by the United States when such building, structure, or enclosed area is not open to the public.
(f) Using any pesticide except for personal use as an insect repellent or as provided by special-use authorization for other minor uses.
(g) Digging in, excavating, disturbing, injuring, destroying, or in any way damaging any prehistoric, historic, or archaeological resource, structure, site, artifact, or property.
(h) Removing any prehistoric, historic, or archaeological resource, structure, site, artifact, property.
(i) Excavating, damaging, or removing any vertebrate fossil or removing any paleontological resource for commercial purposes without a special use authorization.
(j) Excavating, damaging, or removing any cave resource from a cave without a special use authorization, or removing any cave resource for commercial purposes.

[3] 36 C.F.R. § 261.15 Use of vehicles off roads.

It is prohibited to operate any vehicle off National Forest System, State or County roads:
(a) Without a valid license as required by State law.
(b) Without an operable braking system.
(c) From one-half hour after sunset to one-half hour before sunrise unless equipped with working head and tail lights.
(d) In violation of any applicable noise emission standard established by any Federal or State agency.
(e) While under the influence of alcohol or other drug;
(f) Creating excessive or unusual smoke;
(g) Carelessly, recklessly, or without regard for the safety of any person, or in a manner that endangers, or is likely to endanger, any person or property.
(h) In a manner which damages or unreasonably disturbs the land, wildlife, or vegetative resources.
(i) In violation of State law established for vehicles used off roads.

The charges stem from a contact by Shasta-Trinity National Forest law enforcement officers with the defendant on January 14, 2011.

On that day Law Enforcement Officer Carson Harris [Harris] and Law Enforcement Officer Benjamin Leach [Leach] were patrolling Shasta-Trinity National Forest System lands in Trinity County. They came upon a red Toyota pickup truck loaded with fuelwood. Harris made contact with the driver of the vehicle, the defendant, Shawn L. Hale [Hale]. Harris asked if Hale possessed a wood permit and Hale responded that he did not. Hale indicated that his passenger, David Reynolds [Reynolds] did, but when Harris turned and asked Reynolds for the permit, Reynolds indicated that he did not have one in his possession. Harris asked Hale where he had obtained the load of fuelwood, and Hale responded by pointing down the existing forest service road [31N08] and then by turning off the first spur road to the left. Harris observed that the load of wood contained rounds of cedar and madrone. Hale indicated that he had cut the wood and had removed a stump to obtain access to the cutting site. Hale was cited for violating § 261.6(h), removing fuelwood from National Forest systems lands except as authorized. Hale and Reynolds were allowed to leave after surrendering their load of fuelwood

Harris and Leach then continued down the forest service road 31N08 pursuant to the directions provided by Hale. When they came across the first spur road to the left as described by Hale, they discovered fresh vehicle tracks that went from the spur road into the open forest. Harris surmised that the vehicle had utilized tire chains for enhanced traction. Several green fir trees had been freshly cut and placed on the ground to allow for the construction of a makeshift road. A large stump had been cut flush with the ground in order to allow passage of the vehicle. Harris testified that Hale had informed him during his contact that he had cut down a large stump to allow access to the cutting site.

Harris and Leach eventually came across the wood cutting site where they observed portions of a large madrone tree lying on the ground. Harris observed fresh saw dust in the immediate area where fuelwood had been recently removed. Harris also observed a large dead and downed cedar tree which also had been partially cut and removed. Fresh sawdust supported the fact that the cutting activity had been recent.

1    Defendant Hale did not testify. The court finds beyond a reasonable doubt that defendant
2 Hale entered the area in question with his vehicle; caused resource damage to National Forest
3 Systems land in the construction of the access road to the cutting area, and in the cutting of green
4 trees. The court also finds that the defendant cut and removed fuelwood from this area without a
5 proper permit. These findings are consistent with Hale's admissions that he had no permit; had cut
6 the fuelwood; removed a stump and his specific directions to the cutting site. These admissions,
7 coupled with the observations by Harris of the resource damage at the site described by Hale and the
8 remains of a madrone and cedar tree adequately support a conclusion that Hale was responsible for
9 cutting and gathering the fuelwood found in his possession, and causing the resource damage in
10 question. These findings also support a finding that gaining access to the wood cutting area off the
11 spur road required the operation of his vehicle off an existing road way as alleged in Count IV.

12    The court finds that the defendant is guilty of "removing any timber, tree or other forest
13 product, except as authorized by a special-use authorization, timber sale contract, or Federal law or
14 regulation" in violation of 36 C.F.R. 261.6(h); "[c]utting or otherwise damaging any timber, tree,
15 or other forest product, except as authorized by a special-use authorization, timber sale contract, or
16 Federal law or regulation" in violation of 36 C.F.R. § 261.6(a); "[d]amaging any natural feature or
17 other property of the United States" in violation of 36 C.F.R. § 261.9(a); and " operating a vehicle
18 off road "in a manner which damages or unreasonably disturbs the land, wildlife, or vegetative
19 resources" in violation of 36 C.F.R. 261.15(h).

20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly,

This Court refers the matter to the Probation Department for the Eastern District of California for preparation of a Pre-sentence Report. The matter is placed back on calendar on September 13, 2011, at 11:00 a.m. for receipt of the Pre-sentence Report and sentencing. The defendant is ordered to contact the Probation Department at (530)224-7216 on or before August 5, 2011, to calendar an in person or telephonic interview at the direction of the Probation

DATED: July 27, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE